E-FILED
Wednesday, 22 July, 2026  04:27:33 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

BENJAMIN C.,

    *Plaintiff,*

v.

                Case No. 1:25-cv-01341-RLH

FRANK BISIGNANO, Commissioner of
Social Security,

    *Defendant.*

## ORDER & OPINION

The Court issued its Order & Opinion and entered judgment in this case on June 10, 2026. In doing so, the Court found that Benjamin's opening brief effectively sought an advisory opinion—relief that is squarely foreclosed by Article III's "Cases" and "Controversies" requirement. U.S. Const. art. III, §2. Benjamin asks the Court to alter its judgment under Rule 59, arguing that the Court committed a manifest error of law. The Court disagrees, so Benjamin's motion will be denied.

## LEGAL STANDARD

"Judgments in civil cases fix the rights of parties and entitle them to go about their lives. They may be reopened only for extraordinary reasons." *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 830 (7th Cir. 1985). One extraordinary reason may be found when the court commits "a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). And "manifest" errors entail the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Absent such an error, the

availability of appellate review and interest in finality dictate that successful Rule 59(e) motions are "rare." *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013).

## DISCUSSION

To summarize, Benjamin filed this suit in August 2025 to challenge an ALJ's conclusion that he was not disabled. In his opening brief, Benjamin argued that the Social Security Administration (SSA) violated the Administrative Procedure Act when it promulgated Social Security Ruling 24–3p: an internal rule that modified the procedures ALJs must follow at fifth and final step of the disability evaluation process. But the Court never resolved that question. Instead, it observed that Benjamin "ma[de] no attempt to anchor his challenge to the facts of his case." (Doc. 26 at 9.) Benjamin's arguments thus impermissibly called upon the Court "to declare—in the abstract—that SSR 24–3p is unlawful." (Doc. 26 at 10.) Because it lacked the power to do so, the Court declined to reach the merits. (Doc. 26 at 13.)

Much of Benjamin's Rule 59 motion overlooks this. Indeed, Benjamin suggests that the Court's opinion "rel[ied] on *Lauer*" and "found that SSRs 'are interpretive rules intended to offer guidance to agency adjudicators.'" (Doc. 28 at 1–2 (quoting *Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1987)); *see also* Doc. 28 at 2–5 (arguing that "there is nothing 'interpretive'" about" SSR 24–3p).) But the Court's ruling in no way turned on *Lauer* or its classification of SSRs as interpretive. To the contrary, the Court explicitly ruled that it could not "entertain Benjamin's arguments," but observed in closing that the Seventh Circuit has classified SSRs as interpretive— strongly suggesting that they are "not subject to the strictures of the APA's notice-and-comment process." (Doc. 26 at 13.) Insofar as Benjamin's Rule 59 motion attacks

2

the postscript of the Court's opinion, his arguments challenging SSR 24–3p are misplaced. The Court concluded was that it was powerless to entertain them in the first place.

Benjamin also challenges the Court's conclusion that he lacked standing. He points to *Dixon v. Heckler*, a class-action brought by a group of claimants challenging another internal ruling as exceeding the SSA's statutory authority. 589 F. Supp. 1494 (S.D.N.Y. 1984). Benjamin is correct that *Dixon* found standing. But its rationale only confirms this Court's prior conclusion. At issue there was SSR 82–55: a now-rescinded ruling that directed ALJs "not to consider the combined effects of impairments which do not individually meet the [SSA's] 'severity' standard" at step two of the evaluation process. *Id.* at 1498. In practice, SSR 82–55 doomed the application of any claimant "who suffer[ed] several impairments deemed non-severe" because an ALJ would never consider them in combination and thus never proceed past step two. *Id.* Yet that policy ran headlong into the Social Security Act, which not only permits but "*requires* consideration of the combined effect of an individual's impairment[s]." *Id.* at 1509 (emphasis added). Each of the plaintiffs in *Dixon* were denied benefits at step two after the ALJ "refuse[d] to consider the combined effects of [their] unrelated impairments." *Id.* at 1507. For that reason, they "clearly ha[d]" standing because the result may have changed if the ALJs had given "full consideration to" their non-severe impairments. *Id.*

The *Dixon* plaintiffs had thus shown what Benjamin did not: that the SSR in question negatively impacted their applications for benefits. In *Dixon*, the plaintiffs

each suffered from one or more non-severe impairments. And they demonstrated that the result may have changed if the ALJs had properly considered their cumulative effect. By contrast, Benjamin made "no showing that the result would be any different if the Court orders the ALJ to ignore SSR 24–3p on remand." (Doc. 26 at 9.) True, the ALJ here explained that the VE's testimony was accepted in accordance with SSR 24–3p. (Doc. 28 at 5.) But the mere fact that the ALJ *applied* the ruling is not enough.[1] Instead, Benjamin must show that the ALJ's application of SSR 24–3p negatively impacted his application for benefits. (*See* Doc. 26 at 10 –12.) He did not. Nor did he argue that the result would have changed if the ALJ had applied SSR 00–4p instead— the ruling replaced by SSR 24–3p.

Benjamin resists this conclusion. He argues that "all the elements of a case and controversy are present" because SSR 24–3p "was relied upon by the ALJ in furtherance of Plaintiff's *denial*." (Doc. 28 at 5.) But the Court's previous order recognized as much: "Benajamin doubtless suffered a cognizable injury when the SSA denied his application for benefits." (Doc. 26 at 11.) It was Benjamin's failure to explain how the VE testimony in his case—and the ALJ's application of SSR 24–3p

---

[1] It is true that *Dixon* says that "the ALJ who ruled" on one of the plaintiff's claims "did refer to SSR 82–55 in his decision, and thus at the very least [that particular plaintiff] has standing to represent a class of claimants challenging this aspect" of the ruling. 589 F. Supp. at 1508. But the Court does not read *Dixon* to establish a brightline rule that mere reference to a ruling in the ALJ's decision suffices to confer standing. First, *Dixon* specifically noted that the plaintiff in question possessed "hypertension"—one of twenty impairments considered per se non-severe by SSR 82–55. That observation shows that the ruling had a tangible effect on the plaintiff's application. Second, *Dixon* elsewhere dismissed the ALJ's "conclusory" remarks as insufficient to defeat standing. *Id.* at 1507. But if such remarks are not enough to *defeat* standing, surely they do not suffice to *confer* it. Third and finally, to the extent Benjamin reads *Dixon* correctly, this Court disagrees. An ALJ's passing reference to an SSR is not enough to show the claimant was injured by it; the plaintiff must show how the *application* of the SSR resulted in a concrete injury or reversible error. For reasons discussed in the Court's previous opinion, Benjamin did not.

to that testimony—changed the outcome of his application. Indeed, the crux of Benjamin's challenge to SSR 24–3p was that it departs from previous SSA policy and subjects claimants to the risk that they will inadvertently forfeit challenges to VE testimony. But Benjamin did not—and has not—explained where the VE in his case went wrong, nor has he explained how SSR 24–3p caused him to forfeit a challenge that he otherwise could have made.[2]

In a similar vein, Benjamin recasts his injury not as the denial of social security benefits but as the deprivation of his "right to participate in a notice and comment period for SSR 24–3p." (Doc. 28 at 6.) But Benjamin—or any other plaintiff—cannot challenge government action unless they have standing to do so. And to demonstrate standing, a party must trace the unlawful conduct to their injury. (*See* Doc. 26 at 11.) Even assuming Benjamin had a right to provide input on SSR 24–3p before the SSA adopted it, 42 U.S.C. § 405(g) does not give him carte blanche to challenge anything the SSA does (legal or not). *See Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024) ("Courts do not opine on legal issues in response to citizens who might roam the country in search of governmental wrongdoing.") Instead, it provides only the right to challenge a "final decision of the

---

[2] Benjamin also cites the standard for remand in the context of APA challenges, arguing that the harmless-error doctrine only applies when it is clear that the agency's error had no bearing on the procedure used or the substance of [the] decision reached." *Food & Drug Admin. v. Wages & White Lion Invs., LLC*, 604 U.S. 542, 590 (2025) (citation modified). To begin, that quotation overreads the *White Lion* decision. There, the Supreme Court expressly declined to settle the appropriate standard for reversal of agency action. (And in fact, it reversed the Fifth Circuit for construing it too narrowly.) Regardless, this argument puts the cart before the horse. Because Benjamin failed to allege any connection between SSR 24–3p and the denial of his application, he lacked standing, and the Court never addressed the merits. Harmless error does not apply unless the Court finds unlawful agency action to begin with—a question this court never reached. It follows that *White Lion* does not provide the appropriate standard.

Commissioner"—here, the ALJ's denial of Benjamin's application. 42 U.S.C. § 405(g). And in challenging *that* decision, Benjamin was required to highlight where the ALJ in his case went wrong.

In all events, Rule 59 relief is appropriate when the Court "wholesale" disregards, misapplies, or fails to recognize controlling precedent. *Oto*, 224 F.3d at 606. Benjamin invokes no such precedent. If the Seventh Circuit (or the Supreme Court) had ruled that SSR 24–3p violates the APA, this Court would be bound to follow it. But neither court has. Nor, for that matter, has Benjamin pointed to *any* federal court that has struck down SSR 24–3p as unlawful. What *is* settled, however, is the requirement that Benjamin anchor his legal challenge to the facts of his case. For reasons discussed, he did not.[3]

## CONCLUSION

Benjamin's Motion to Alter or Amend Judgment, (Doc. 28), is DENIED.

*So ordered.*

Entered this 22nd day of July 2026.

s/ Ronald L. Hanna
_____
Ronald L. Hanna
United States Magistrate Judge

---

[3] Benjamin also notes that he is "aware" that "virtually all SSA APA challenges . . . have been class action lawsuits." (Doc. 28 at 7.) And he identifies "a proposed class" consisting of either (1) "all represented claimants who have been denied by ALJs at Step Five via use of VE testimony under the SSR 24-3p framework" or (2) a subset of those claimants whose have been told that they could not submit post-hearing VE testimony. (Doc. 28 at 7.) As the Commissioner observes, however, Benjamin has not complied with Rule 23's requirements. So his request to convert his 405(g) complaint to a class action lawsuit is improper. Should Benjamin wish to initiate a class action, he may file a separate suit.